Filed 12/14/21  P. v. Hubbard CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN JAMES HUBBARD,<br><br>    Defendant and Appellant. | H047791<br>(Santa Clara County<br>Super. Ct. No. B1896575) |

On February 22, 2018,  around 4:51 a.m., Santa Clara County Sheriff's deputies were dispatched to an address in Los Altos Hills after a homeowner reported being woken up by a noise while she was sleeping and seeing someone shine a flashlight into her bedroom.[1]  Shortly after the deputies spoke with the homeowner, they saw appellant Nathan Hubbard in the area standing near a parked car.  Hubbard had next to him an electric bicycle, a face mask, and a flashlight.  The deputies learned Hubbard was on probation with a search condition in both Santa Clara and Santa Cruz counties.  They searched Hubbard's car and found a pair of gloves, two flashlights, and a window punch.

The following day, a neighbor of the homeowner who had made the original call to the police reported his electric bicycle had been stolen from his garage.  He identified the electric bicycle that Hubbard had had in his possession as his.

---

[1] These facts are drawn from the probation report prepared for Hubbard's sentencing and from the transcript of his preliminary hearing.

Deputies searched Hubbard's residence in Aptos and found a stolen pistol loaded with nine rounds of ammunition, a stun gun, and various other stolen items, including motorcycles, bicycles, and checks that had been taken from a home in Monte Sereno the previous month. Records associated with Hubbard's phone showed that Hubbard's phone had been in the vicinity of the burglaries in Los Altos Hills and Monte Sereno when they occurred.

On March 14, 2019, the Santa Clara County District Attorney charged Hubbard by information with attempted first degree residential burglary (Pen. Code, §§ 664, 460, subd. (a); count 1),[2] two counts of first degree burglary with allegations that a person not an accomplice was present in the residences during the commission of the burglaries (§§ 460, subd. (a), 667.5, subd. (c)(21); counts 2 & 3), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4), concealing stolen property valued over $950 (§ 496, subd. (a); count 5), concealing a stolen motor vehicle (§ 496d, subd. (a); count 6), and misdemeanor possession of burglar tools (§ 466; count 7). The information also alleged Hubbard had been convicted of a prior serious or violent offense (strike conviction) (§§ 667, subd. (e)(1) & 1170.12, subd. (c)(1)) based on a prior conviction for first degree burglary and had also been convicted of two prior serious felonies (§ 667, subd. (a)).

On September 10, 2019, Hubbard pleaded no contest pursuant to a written plea agreement.[3] He pleaded no contest to all counts of the information and admitted the strike prior and one of the prior serious felony allegations.[4] Hubbard agreed to serve a term in state prison of fourteen years and four months. The People agreed to the

---

[2] Unspecified statutory references are to the Penal Code.
[3] In connection with his plea agreement, Hubbard also resolved a pending allegation that he had violated his probation in a separate case, which is not before us in this appeal.
[4] For reasons not explained in the record on appeal, on July 15, 2019, the trial court had dismissed the second allegation under section 667, subdivision (a).

2

dismissal of the person present allegations (§ 667.5, subd. (c)(21)) in counts 2 and 3 and to reduce counts 5 and 6 to misdemeanors.

On October 8, 2019, the trial court denied probation and imposed an aggregate prison term of fourteen years and four months, calculated as follows: the lower term of four years on count 2,[5] a consecutive sentence of one year and four months on count 1, a consecutive sentence of two years and eight months on count 3, a consecutive sentence of one year and four months on count 4, and a five-year consecutive sentence for the section 667, subdivision (a) enhancement. The court denied probation on the misdemeanor convictions (counts 5, 6, and 7) and sentenced him on each to 30 days, to be served concurrently with the felony counts. The trial court ordered Hubbard to pay a restitution fine of $300 (§ 1202.4, subd. (b)(2)) and a suspended restitution fine of $300 (§ 1202.45) but stayed both fines due to his inability to pay them. The court waived all other fines and fees and awarded Hubbard 1,188 days of custody credits. The trial court dismissed the section 667.5, subdivision (c)(21) enhancements.

We appointed counsel to represent Hubbard on appeal. Appellate counsel filed an opening brief stating the case and the facts but raising no specific legal issues. Counsel has declared that counsel notified Hubbard both of counsel's intention to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and of Hubbard's right to file written argument on his own behalf. We notified Hubbard of his right to submit written argument on his own behalf but have received no response from him.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal, we affirm the judgment.

---

[5] All terms were doubled due to Hubbard's admission that he had previously been convicted of a strike offense.

3

## DISPOSITION

The judgment is affirmed.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.




_____
Lie, J.




**H047791**
*People v. Hubbard*